[Civ. No. 3723. Second Appellate District, Division One.—November 5, 1921.]

FANNIE JOHNSON, Appellant, v. GENEVA G. BABCOCK, Respondent.

[1] JUDGMENT—ACTION TO ANNUL—SERVICE OF PROCESS—FINDING—SUFFICIENCY OF EVIDENCE.—In an action to annul a judgment upon the ground that the plaintiff, who was a defendant in that action and who never appeared therein, was never served with any summons or complaint, the return of service of process in the form of an affidavit contained in the judgment-roll, and the testimony of the affiant, who refreshed his memory from the return, that he personally served such defendant with a copy of the summons and complaint, were sufficient to support the finding of service.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

D. F. Glidden for Appellant.

Dennison & Towner for Respondent.

CONREY, P. J.—Action to annul a judgment of the superior court upon the ground that appellant, who was a defendant in that action and who never appeared therein, was never served with any summons or complaint in that action.

On the trial of this present action the court found that in the former action a true and correct copy of the summons and complaint was served, as shown by the return contained in the judgment-roll, and that the default and judgment were regularly and duly entered. The appeal rests entirely upon the contention that the evidence is not sufficient to sustain the findings of fact.

Appellant testified that she never was served with a copy of summons and complaint, or with a summons and complaint, in the former action, and did not learn that there had been any such action until a time nearly three years after the judgment had been entered. The testimony of her brother and of her husband is corroborative of

appellant's testimony in this, that she never mentioned the
said former action to either of them, and that their rela-
tions with her were such that probably the case would have
been discussed with them if the summons had ever been
served upon Mrs. Johnson. Such, at least, appears to have
been the opinion of those witnesses.

On the other hand, the judgment-roll in the former action
contains a return in the form of an affidavit made by one
Harry C. Clark, subscribed and sworn to by him on the
fourth day of January, 1916, wherein he stated that on
that day he personally served the summons on the defend-
ants therein named (who were Fannie and Emery F. John-
son) by delivering to and leaving with each of said de-
fendants personally, in the county of San Diego, California,
a copy of the summons attached to a copy of the complaint
in that action. Sworn as a witness in the present case,
Mr. Clark, having first examined the return on the sum-
mons, testified that he did serve the summons and that he
did deliver a copy of the summons and complaint to the
said defendants in that action, and made his return ac-
cordingly. "Q. Was that done upon both of them? A. It
was. Q. And you made your return accordingly? A. Yes,
sir." Answering as to the place of service, he said, "My
memory would be it was a residence." But he admitted
that he could not remember the details of the service and
that he did not have any distinct recollection concerning
the same; that he had no recollection except from that
return; that in making his statements he was going by
the return.

[1] The foregoing evidence is sufficient to sustain the
findings of the court. "A witness is allowed to refresh
his memory respecting a fact, by anything written by him-
self, or under his direction, at the time when the fact oc-
curred, or immediately thereafter, or at any other time
when the fact was fresh in his memory, and he knew that
the same was correctly stated in the writing. But in such
case the writing must be produced, and may be seen by the
adverse party, who may, if he choose, cross-examine the
witness upon it, and may read it to the jury. So, also, a
witness may testify from such a writing, though he retain
no recollection of the particular facts, but such evidence
must be received with caution." (Code Civ. Proc., sec.

2047; *Estate of Moore,* 180 Cal. 570, 585 [182 Pac. 285];
*People* v. *McFarlane,* 138 Cal. 481, 488 [61 L. R. A. 245,
71 Pac. 568, 72 Pac. 48].)

The judgment is affirmed.

Shaw, J., and James, J., concurred.